McFarland, J.,
delivered the opinion of the court.
The complainants who are the heirs of J. M. Jones, deceased, charge that in 1869 their said ancestor purchased a house and lot in the village of Adamsville, in McNairy county, of one E. M. Rogers and paid him $1,000 for it, said E. M. Rogers agreeing to procure the deed of his brother B. L. Rogers, for the property, as he said he had personally conveyed him the lot to avoid his debts. B. L. Rogers and wife did accordingly execute a deed, but by mistake left out the call for the Western boundary. There being as we infer, but four lines to the lot, the result *439 was that this l.eft out half of the lot or more, including the buildings for which the property was principally valuable. That afterward, E. M. Rogers conveyed half of the lot or pretended to convey if to S. W. Scott and Scott conveyed to defendant Brooks. We infer that this was the half of the lot a left out of the deed to Jones.
Scott and Brooks 'filed a demurrer which was overruled, from which they obtained an appeal.
We are of opinion that the decree is correct and should be affirmed. It is true that the fraudulent deed made by E. M. Rogers to B. L. Rogers was valid as between them, and a purchaser from E. M. Rogers, with notice, could have no greater right than E. M. Rogers, and therefore could not compel B. L. Rogers to convey to him, but if B. L. Rogers chose to convey, the title would undoubtedly be good, and the complainants having this deed, have a superior title to the defendant Brooks, provided it conveyed the land, and for this purpose they seek to correct a mistake in the calls, and it will be observed that as yet B. L. Rogers has made no defence. The bill makes perhaps unnecessary allegations in regard to the fraud between E. M. and B. L. Rogers in the first conveyance, but we do not think this fatal to the case.
Affirm the decree with costs, and remand the cause.